UNITED STATES of America,
Plaintiff-Appellee,

v.

Elmo Dean DRESSEL,
Defendant-Appellant.

No. 82–1555.

United States Court of Appeals,
Tenth Circuit.

Sept. 5, 1984.

Scott H. Robinson of Gerash & Robinson, P.C., Denver, Colo., for defendant-appellant.

Raymond P. Moore, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty. and Linda A. Surbaugh, Asst. U.S. Atty., Denver, Colo., on briefs), District of Colorado, for plaintiff-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Appellant and his nephew were convicted of wire fraud, 18 U.S.C. § 1343 (1982), and aiding and abetting, 18 U.S.C. § 2 (1982), in a scheme to illegally reduce the protein content of soybean grain. Appellant's conviction was affirmed on direct appeal to this court. *United States v. Dressel,* No. 80–1004 (10th Cir. Oct. 27, 1981). He then filed a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, or alternatively, to vacate judgment and sentence pursuant to 28 U.S.C. § 2255 (1982). The trial court denied this motion and appellant seeks review.

Appellant alleges that he was denied effective assistance of counsel because his attorney jointly represented appellant and appellant's nephew, who was co-defendant. He argues that he and his nephew had antagonistic defenses and thus joint representation was an improper conflict of interest. Appellant also alleges that his counsel had a conflict of interest in that his counsel had represented a Mr. James Witt in a different case. Mr. Witt gave a statement to the FBI which implicated the appellant and his nephew in connection with illegal grain sales. Appellant contends that this dual representation of Mr. Witt and himself denied him effective assistance of counsel.

## JOINT REPRESENTATION

The sixth amendment entitles a defendant in a criminal case to effective assistance of competent counsel. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The Supreme Court in *Strickland v. Washington,* — U.S. —, —, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), held that the proper constitutional standard for attorney performance is that of reasonably effective assistance. There, the Court noted that "when a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. ... The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*

Where there is a single attorney representing one or more co-defendants, and there are allegations of the attorney having conflicts of interest, our analysis is governed by *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and Federal Rule of Criminal Procedure 44(c). *See United States v. Cronic,* — U.S. —, — & n. 28, 104 S.Ct. 2039, 2048 & n. 28, 80 L.Ed.2d 657 (1984). While multiple representation is not a *per se* violation of the sixth amendment, *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978), it should be undertaken very cautiously because of the

great potential for conflicts of interest. "Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan*, 446 U.S. at 346, 100 S.Ct. at 1717. Indeed, many attorneys will not undertake such a representation. *Id.*, n. 11.

Federal Rule of Criminal Procedure 44(c) provides a procedure for protecting a defendant's sixth amendment right to effective assistance of counsel where two or more defendants have been jointly charged or are to be jointly tried, and are represented by the same counsel. The Rule provides that

> the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

Fed.R.Crim.P. 44(c).

Subsection (c) was added to Rule 44 in 1979. The notes of the advisory committee on rules discuss the purpose and content of the trial court's inquiry. The trial court must determine whether joint representation will adversely affect the effective and fair administration of justice. The court is to inquire of the defendants and counsel concerning the possibility of a conflict of interest developing, but the specific measures to be taken are left to the trial court's discretion. Several possible courses of action are outlined.

Since a defendant may waive his right to assistance of counsel unhindered by conflicts of interest, *see Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978), one course of action is for the court to obtain a knowing, intelligent and voluntary waiver of the right to separate representation. The Rule and notes provide that for the waiver to be effective the court must personally address each of the defendants, informing them of the possible hazards of being represented by a single attorney and of their right to separate representation. *See United States v. Foster*, 469 F.2d 1, 4–5 (1st Cir. 1972). The defendant must be free to ask the court questions regarding the nature and consequences of his legal representation.

> Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections.

Fed.R.Crim.P. 44(c) advisory committee notes (quoting *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir.1975)). Notwithstanding the trial court's compliance with all of the suggested procedures to ensure that any waiver is fully informed and voluntary, under some circumstances "even full disclosure and consent ... may not be an adequate protection," Fed.R.Crim.P. 44(c), advisory committee notes (quoting ABA Standards Relating to the Defense Function at 213).

The provisions of Rule 44(c) and the accompanying committee notes are in accordance with the standard for measuring an effective waiver of the sixth amendment right to counsel. "A waiver is ... an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). This standard was refined in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), where the Court held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748, 90 S.Ct. at 1469.

Applying these principles to the facts of this case, we find that the trial court prop-

erly complied with Federal Rule of Criminal Procedure 44(c), and the appellant knowingly and intelligently waived his right to separate counsel. The trial court meticulously followed the procedure set out in Rule 44(c), and did so in light of suggestions contained in the advisory committee notes. At their arraignment the magistrate personally questioned both the appellant and his co-defendant. He asked them whether they understood the possible conflicts of interest involved in having one attorney represent two defendants. He questioned their attorney as to whether the attorney had discussed the possibility of conflicts of interest. Record, vol. 2, at 4–6. Finally, he requested that each defendant sign a statement "that they are familiar with [Rule 44(c)], familiar with the facts in the case, and that they are of the opinion that there is no conflict of interest in the joint representation, and that's the way they want it." Record, vol. 2, at 4.

The trial judge again advised appellant of his right to separate counsel at a motions hearing approximately one month after arraignment. Appellant and his co-defendant reaffirmed their desire to waive their right to separate counsel. Record, vol. 1, at 33. Finally, both defendants signed and filed with the court a Waiver of Right to Have Separate Counsel. Record, vol. 1, at 34–35. The appellant and his co-defendant declared, by means of the Waiver, that they had been provided with a copy of Rule 44 and had been advised by the magistrate in open court of the provisions of Rule 44 and of their right to separate counsel. They further declared that they knew possible conflicts of interest might arise during trial, and that one defendant could testify against the other defendant and such testimony might be harmful. Each defendant declared that he had been fully advised of these potential conflicts by both the court and their attorney, and they still chose to be represented by a single attorney. *Id.* There is no evidence in the record to support a conclusion that appellant's waiver of separate counsel was not fully informed.

We have reviewed the record and conclude that in light of the trial court's careful attention to Rule 44(c) and appellant's detailed waiver of his right to separate counsel, the appellant's right to effective assistance of counsel was not violated. Appellant contends that the defense which should have been postulated in his favor was antagonistic to that of his co-defendant, and thus the adequacy of his attorney's representation was adversely affected by an actual conflict of interest. Even if appellant's waiver of his right to assistance of counsel unhindered by conflicts of interest is not sufficient to overcome this argument, the record does not support a theory that the adequacy of his attorney's representation was adversely affected. Rather, the record supports the conclusion that the decision was a strategic one, well within trial counsel's discretion. *United States v. Miller*, 643 F.2d 713, 714 (10th Cir.1981); *United States v. Dingle*, 546 F.2d 1378, 1385 (10th Cir.1976). The defense which appellant contends should have been postulated would have required putting the appellant on the stand to testify. The trial judge specifically found that the appellant was not a credible witness and the jury would not have believed him. Record, vol. 3, at 51. This finding, combined with the fact that the defense which appellant now contends should have been presented was not the only defense available, fully supports the conclusion that adequacy of representation provided by appellant's attorney was not adversely affected by the multiple representation. *See United States v. Dingle*, 546 F.2d at 1385.

## DUAL REPRESENTATION

In *Cuyler v. Sullivan*, the Supreme Court held that a defendant who raised no objection, at trial, to multiple representation must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 348, 100 S.Ct. at 1718 (footnote omitted). Once a defendant establishes that a conflict of interest actually affected the adequacy of his representation he does not need to

show prejudice in order to obtain relief. *Id.* at 349–50, 100 S.Ct. at 1718–19. There are certain circumstances where prejudice is so likely that a case-by-case inquiry into the prejudice is unwarranted. *See United States v. Cronic*, — U.S. —, — – —, 104 S.Ct. 2039, 2045–48, 80 L.Ed.2d 657 & accompanying notes (1984), and *Strickland v. Washington*, — U.S. —, — – —, 104 S.Ct. 2052, 2065–69, 80 L.Ed.2d 674 (1984). The Supreme Court noted in *Strickland v. Washington* that a conflict of interest claim is one type of an actual ineffectiveness claim which warrants a limited presumption of prejudice. *Id.* at —, 104 S.Ct. at 2065. Although no per se rule of prejudice exists for an ineffectiveness claim as exists for other sixth amendment claims, *see, e.g., Cronic*, — at —, 104 S.Ct. at 2047 and accompanying notes, prejudice will be presumed only where the "defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' " *Strickland*, — U.S. at —, 104 S.Ct. at 2067 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718, 1719, 64 L.Ed.2d 333 (1980) (footnote omitted)).

■ The appellant here has failed to carry the burden of establishing that his attorney's previous representation of Mr. Witt adversely affected the adequacy of representation. Rather, appellant's allegations are purely speculative. *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). The essence of appellant's argument is that Mr. Witt was a potential government witness and therefore an actual conflict of interest arose. The cases cited by appellant in favor of the proposition that prior representation of a potential witness automatically creates a conflict of interest adversely affecting the representation do not support such a theory. The record does not support the conclusion that Mr. Witt was a potential witness. Further, since Mr. Witt never testified at trial, appellant's attorney was not prevented from cross-examining a government witness. Thus, there was no difficul-

ty ascertaining what the attorney might have been "compelled to refrain from doing." *Holloway v. Arkansas*, 435 U.S. at 490, 98 S.Ct. at 1182.

AFFIRMED.