**Thomas J. WELLS, individually and as Personal Representative of the Estate of Anne Bunting Wells, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 89–00498 HMF.**

United States District Court, D. Hawaii.

April 19, 1990.

Carroll S. Taylor, for plaintiff.

Kurt Kawafuchi, for defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO DISMISS REMAINING PORTION OF THE SUIT

FONG, Chief Judge.

Defendant United States of America brings this motion for partial summary judgment and to dismiss the remaining portion of the suit against it. Defendant's motion came on for hearing before this court on April 9, 1990. Carroll S. Taylor appeared on behalf of plaintiff, and Kurt Kawafuchi appeared on behalf of defendant. The court, having reviewed the motion and the memorandum in support thereof, having heard the oral argument of counsel, and being fully advised of the premises herein, finds as follows:

The government seeks partial summary judgment that the residuary trust established by decedent Anne Katherine Bunting Wells' will fails to qualify for the marital deduction allowed under 26 U.S.C. § 2056(b)(7); the government also seeks dismissal of the remaining portion of the suit. The remaining portion of the suit seeks a declaratory judgment that, if the marital deduction is not now allowed for the assets of the residuary trust, these assets cannot be subject to federal estate tax upon the death of Ms. Wells' husband, plaintiff Thomas J. Wells. The government asserts that this court lacks jurisdiction to issue a declaratory judgment or in the alternative that plaintiff fails to state a claim for declaratory relief. Plaintiff opposes both motions, and recognizing the power of the court to grant summary judgment to a nonmoving party, and acknowledging that the issues involved are essentially legal rather than factual, plaintiff requests that the court deny defendant's motion and instead grant partial summary judgment in favor of plaintiff.

Plaintiff brings this action for refund of estate taxes in the amount of $35,371.00 which were paid by decedent's estate on the assets passed under the residuary trust clause of the decedent's will. Plaintiff contends that government should not have taxed those assets since they qualified under the marital deduction allowed under 26

U.S.C. § 2056(b)(7). He also seeks interest in the amount of $15,521.89 plus additional interest as provided by law. In the alternative to receiving a refund of these paid taxes, plaintiff seeks a declaratory judgment that if the residuary trust is taxable to the estate of Anne Katherine Bunting Wells, then the assets of residuary trust will not be subject to estate taxation upon the death of decedent's husband, the plaintiff in this case.

The facts of this case are not in dispute. The decedent, Anne Katherine Bunting Wells died testate on January 12, 1984, leaving a Last Will and Testament executed on April 26, 1973. The will named her husband, plaintiff Thomas J. Wells, as executor of her estate. The will also contained a provision to create a residuary trust; that provision reads as follows:

SIXTH: *I give, devise and bequeath all the rest, residue and remainder of my estate,* real, personal and mixed and wheresoever situate and of every kind or nature, and any property over which I may possess any power of appointment by will or otherwise, *hereinafter called my "residuary estate", unto my husband, THOMAS JENNINGS WELLS, as Trustee, if he shall survive me, and, if surviving me he shall decline or cease to serve as Trustee for any reason, then to the FIRST HAWAIIAN BANK OF HONOLULU, HAWAII,* a Hawaii corporation, as Trustee *in trust upon the following uses and trusts:*

(a) *After my death, my Trustee shall,* at monthly or quarterly intervals as may be requested, *pay to or for the benefit of my said husband during his lifetime, all or such portions of the income and principal of the fund in such amounts as my Trustee shall deem necessary or advisable* to provide generously for his care, comfort, maintenance and travel, without regard whatsoever to other income he may receive from his personal estate or otherwise *and after so providing, if there be surplus income remaining, my Trustee may from time to time pay to or for the benefit of such of my children, MAURY ANNE HERIOT LOREY and JAMES JUDSON HERIOT,*

*such part thereof at such times and in such amounts, proportions and manner as my Trustee in his or its discretion deems advisable with power to benefit one of such beneficiaries more or less than the other.* On the death of my said husband this trust shall terminate absolutely and forthwith be distributed as provided in paragraph (k) hereunder. (emphasis added)

\*     \*     \*     \*     \*     \*

(k) *This trust shall terminate absolutely upon the death of my said husband* and forthwith shall be distributed in equal shares to my daughter, MAURY ANNE HERIOT LOREY and my son, JAMES JUDSON HERIOT, if they shall survive me. If my said daughter shall be deceased, then to her surviving children in equal shares per stirpes, otherwise to her heirs at law, and if my said son shall be deceased and shall be survived by a legitimate child or children ... then his one-half share to said children in equal shares per stirpes, and in he shall not be survived, then to his lawful wife ... and, if my said son shall not be survived by lawful issue or a lawful wife, then this said share be distributed to MAURY ANNE HERIOT LOREY, and if she shall be deceased then to her heirs per stirpes or heirs at law.

On the federal estate tax return for decedent's estate, plaintiff claimed a deduction in the amount of $156,325.00 for a Bequest, etc. to Surviving Spouse for the one-half interest in testamentary trust under decedent's will. In addition, plaintiff claimed a marital deduction under § 2056(b)(7) on the federal estate return. The Internal Revenue Service disallowed the marital deduction on the ground that it did not fully comply with the provisions of § 2056(b)(7). Decedent's Estate paid the deficiency to the government along with all accrued penalties and interest thereon, and then filed a claim for a refund. Upon the government's refusal to refund the moneys, plaintiff instituted this civil action seeking refund.

## DISCUSSION

### GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In this case, the parties agree and the evidence presented to the court show that there is no genuine dispute as to any fact material to this action. As such, the court need only determine which party is entitled to prevail upon application of the undisputed facts to the relevant body of law.

The marital deduction allows certain property from a decedent's estate to pass to a surviving spouse free from the imposition of tax. As a general rule, however, the estate tax law allows no marital deduction if the surviving spouse has only a terminable interest in the passing property. Section 2056(b)(1) of Title 26 states the general rule regarding life estates and other terminable interests as follows:

**(b) Limitation in the case of life estates or other terminable interest.—(1) General rule.**—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

■ The parties correctly agree that the surviving spouse in this case, plaintiff Thomas J. Wells, inherits only a beneficial life interest in the assets of the residuary trust. Paragraph (a) of the Residuary Trust provision of decedent's will expressly states that the trust shall terminate upon his death, and Paragraph (k) provides that the assets shall pass to the decedent's descendants. Under the general rule, there-fore, no marital deduction would excuse the payment of tax on the assets on the residuary trust.

Subsection (b)(7), however, creates an exception to the terminable-interest rule for "qualified terminable interest property" for which the taxpayer may elect to claim a deduction from the value of the gross estate. The following definitions apply:

**(B) Qualified terminable interest property defined.**—For the purposes of this paragraph—

**(i) In general.**—The term "qualified terminable interest property" means property (I) that passes from the decedent, (II) *in which the surviving spouse has a qualifying income interest for life,* and (III) to which an election under this paragraph applies.

**(ii) *Qualifying income interest for life.***—The surviving spouse has a qualifying income interest for life if—

(I) the *surviving spouse is entitled to all the income from the property,* payable annually or at more frequent intervals, or has a usufruct interest for life in the property, and

(II) no person has a power to appoint any part of the property to any person other that the surviving spouse.

26 U.S.C. § 2056(b)(7)(B) (emphasis added).

The motion before the court turns on the determination of whether the residuary trust created by the decedent's will constitutes a "qualifying income interest for life" under this statutory section. Clearly it does not.

Although the will's residuary trust clause provides generously for Col. Wells and rests great power and discretion with him as Trustee, he is not entitled to all the income from the property. If he serves as trustee he may pay to himself all of the income from the trust corpus and may even deplete the corpus of the trust for his benefit. The residuary trust clause, however, indicates that Col. Wells need not necessarily serve as Trustee. If he declines or "cease[s] to serve as Trustee for any reason," First Hawaiian Bank shall serve as Trustee. Again, First Hawaiian Bank may pay all of the trust income to Col. Wells

and may even pay him from the trust corpus. Because the Trustee has the discretion to pay part of the income from the trust to the decedent's children, however, Col. Wells is not *entitled* to *all income* from the property. If some of that income were paid to the children after the Trustee had provided generously for him, Col. Wells could not sue to recover that income or to claim it for himself. The decision fully rests within the Trustee's discretion.

Section 2056(b)(5), which also provides an exception to the general rule against the deductibility of terminable interests, carries a similar requirement that the surviving spouse be entitled to "all the income" from the relevant property. Courts interpreting that requirement have consistently held that no other person may share in the income produced by that property. *Wisely v. United States*, 893 F.2d 660 (4th Cir.1990); *Estate of Wycoff v. Commissioner of Internal Revenue*, 506 F.2d 1144 (10th Cir.), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975). Because decedent's descendants may share in the income from the trust assets, the marital deduction of § 2056(b)(7) does not apply to those assets.

Accordingly, defendant United States of America's motion for partial summary judgment is GRANTED.

### GOVERNMENT'S MOTION FOR DISMISSAL OF REMAINING PORTION OF SUIT

In the alternative to obtaining a judgment for refund of taxes paid, plaintiff seeks a declaratory judgment to the effect that the assets of the residuary trust, which have already been taxed as part of the estate of Anne Katherine Bunting Wells, will pass free from federal estate tax upon the death of Thomas J. Wells. The government now moves the court to dismiss this claim for declaratory relief for lack of jurisdiction or, in the alternative, for a failure to state a claim upon which relief may be granted.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts to give declaratory judgments as a remedy in cases in which it already has jurisdiction. It does not provide a grant of jurisdiction but merely an additional remedy. Wright, *Law of Federal Courts*, 100, p. 674 (4th ed. 1983). As this case arises under federal law, it falls within the court's federal-question jurisdiction. 28 U.S.C. § 1331. Accordingly, the government's argument that the court lacks jurisdiction over the claim for declaratory relief fails.

■ In the alternative, the government moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Declaratory Judgment Act provides, in pertinent part,

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986* ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.... 28 U.S.C. § 2201(a) (emphasis added).

Through this statute, Congress specifically denied federal courts the power to grant declaratory relief in cases involving federal taxes with the lone exception of those cases brought under 26 U.S.C. § 7428. That section of the Internal Revenue Code pertains to classification of tax-exempt organizations under 26 U.S.C. § 501(c)(3) and has no effect upon the issue in this case. For this reason, this court has no power to grant the relief requested, so plaintiff's complaint fails to state a claim upon which relief can be granted.

The statutes prohibiting declaratory judgments and prohibiting injunctions in tax cases "require that disputed sums of taxes due be determined in suits for refund." *Hernandez v. Mondragon*, 824 F.2d 825, 830 (10th Cir.1987). Plaintiff's action seeks a refund of taxes paid on the estate of Anne Katherine Bunting Wells; it seeks declaratory judgment regarding the prospective estate tax of Thomas J. Wells.

No reason exists to persuade the court that the tax status of Col. Wells estate should be settled prospectively rather than through a retrospective action for a refund. Plaintiff also argues that the court should grant declaratory judgment because the necessary corollary of a denial of the marital deduction is that the same assets cannot be taxed as part of Col. Wells estate under existing estate tax law. If the court's denial of the marital deduction has this *practical* effect, so be it. But the court lacks the power to grant declaratory relief to that effect.

Accordingly, defendant's motion to dismiss for failure to state a claim upon which relief can be granted is GRANTED.

## CONCLUSION

This court hereby GRANTS defendant United States of America's motion for partial summary judgment and further GRANTS defendant's motion to dismiss for failure to state a claim upon which relief can be granted but not because of a lack of jurisdiction.

IT IS SO ORDERED.