**UNITED STATES of America,
Plaintiff,**

. v.

**William PENN, Defendants.**

**No. 01–NCR–40–K.**

United States District Court,
D. Utah,
Central Division.

July 9, 2001.

Michael P. Kennedy, Asst. U.S. Attorney, Salt Lake City, UT, for United States of America.

Robert L. Booker, Booker & Associates, Salt Lake City, UT, for William Penn, III.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The United States has moved to disqualify Robert Booker, Esq., counsel for the defendant William Penn, III. The Government's motion to disqualify is based on a claim of potential conflict of interest because Booker had previously represented a Government witness in a matter involving that witness's release from prison by the Utah Board of Pardons and Parole. That witness is expected to testify for the Government in this case and would be subject to cross-examination by Booker.

Counsel for Penn, Mr. Booker, asserted on hearing of this matter that there was no conflict of interest because, in the course of his representing the Government witness, Booker received no confidential communications about anything that would require any disclosure during the cross-examination of the witness at Penn's trial. No confidences on matters affecting credibility of the witness were disclosed. Nothing that could be or should be used in the examination of the witness, that is not otherwise a matter of record, was received in the attorney/client relationship. Based on that circumstance, Booker contends there is no conflict of interest. The Government has declined to present its witness for hearing on this issue and nothing contradicts Mr. Booker's representations.

 The Government has presented an affidavit of a Special Agent of the Federal Bureau of Investigation (FBI) to the effect that the witness will not waive any attorney/client privilege or right of confidentiality. This is hearsay. Rule 801(C) F.R.E., and inadmissible. A motion to disqualify counsel is not exempted from the Federal Rules of Evidence. Rule 1101(a)(b) & (d) F.R.E. However, there is no evidence of waiver of the witness's privilege and it remains in force. Rule 501, F.R.E. However, that does not fully resolve the defendant's contention that there is no conflict of interest.

■ This case is in the preliminary stage of the prosecution of defendant for various controlled substances offenses under 21 USC § 841(a), § 859(a) and § 861(a). In *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) the Supreme Court held the representations of counsel to the court as to a conflict of interest should be respected. Defense counsel must have a say as to the existence of a conflict and his determination is to be accorded due weight. *Selsor v. Kaiser,* 81 F.3d 1492 (10th Cir.1996) (court inquiry should bear in mind defendant has an ethical duty to make inquiry into conflicts). The situation in this case is different than in *Holloway,* since counsel seeks to remain on the case and in *Holloway,* counsel sought the appointment of separate counsel for a codefendant. However, *Holloway* does support the proposition that when an issue of conflict is raised, even if by the prosecution,[1] the court should make an inquiry. "[D]efense attorneys have the obligation, upon discovery of a conflict of interests, to advise the court at once of the problem." *Id.* at 485–486, 98 S.Ct. 1173; *Edens v. Hannigan,* 87 F.3d 1109 (10th Cir.1996).

■ The issue of prior representation of an alleged Government witness was discussed in *United States v. Dressel,* 742 F.2d 1256 (10th Cir.1984). The issue was raised by a defendant on appeal. The court said the conflict should be one that is "actual" not merely hypothetical. See *Cuyler,* supra, at 1718; *Dressel,* at 1259–1260. In *Dressel* the court observed:

> The appellant here has failed to carry the burden of establishing that his attorney's previous representation of Mr. Witt adversely affected the adequacy of

representation. Rather, appellant's allegations are purely speculative.

A prior representation is not a per se basis for requiring counsel to be excused. *Id.; United States v. Fahey,* 769 F.2d 829 (1st Cir.1985). A mere possibility of a conflict of interest is insufficient for the recusal of defense counsel. *Morris v. State of California,* 966 F.2d 448 (9th Cir.1991). "Inconsistent interests" will support a conclusion of an actual conflict. If a defense attorney, because of prior representation of a witness, may be required to improperly use privileged communications in cross-examination, disqualification is appropriate. *United States v. Ross,* 33 F.3d 1507 (11th Cir.1994); *United States v. Davis,* 766 F.2d 1452 (10th Cir.1985).

■ If after fair inquiry, the court concludes there is no actual conflict of interest with defense counsel's continued representation, the court should allow counsel to remain on the case. See *United States v. Suntar Roofing, Inc.,* 897 F.2d 469 (10th Cir.1990); *Hernandez v. Mondragon,* 824 F.2d 825 (10th Cir.1987); see also *United States v. Walker,* 160 F.3d 1078 (6th Cir. 1998) (prior representation of witness did not present an actual conflict of interest).

■ In *United States v. Valdez,* 149 F.R.D. 223 (D.Utah 1993) this court discussed a similar conflict as that presented in this case. The defense attorney representing defendant had previously represented a Government witness. The court first noted that Rule 109–1 of the Utah Rules of Professional Conduct did not preclude representation of the defendant because the two representations were not "substantially factually related." *Id.* at 225. This is true in the instant case. The defendant Penn is charged with a drug offense. The Government witness was

---

1. The prosecution has an interest in avoiding conflicts by defense counsel to escape reversal on appeal or collateral challenge. See *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). See also *Holloway,* supra, at 486, 98 S.Ct. 1173.

previously represented by Mr. Booker and had engaged him to represent the witness with regard to parole release or termination of sentence from the Utah State Prison (USP). The representation did not involve any judicial or administrative appearance but letters and communications to the Utah Board of Pardons and Parole. The representation terminated before this case was brought. The record is absent of any facts to show that the nature of Mr. Booker's prior representation of the witness involved receiving confidential information that could have any bearing substantively or on the witness's credibility in this case. The two representations of the clients, witness and defendant, are unrelated.

■ The defendant, William Penn, III, has been made aware of any *potential* conflict of interest Mr. Booker may have, which at this point is more hypothetical than real. Penn has expressly waived any conflict and expressed his desire that Mr. Booker continue to represent the defendant.[2] In *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) the Supreme Court held a defendant had no right to be represented by conflicted counsel, but there was a strong presumption in favor of defendant's choice of retained counsel. Also, *United States v. Ta*, 938 F.Supp. 762 (D.Utah 1996). In *Wheat*, the court indicated a waiver of the conflict does not always correct the conflicted situation and that the court can refuse to accept the waiver of a defendant in the interest and need to uphold ethical standards and to protect the fairness of the proceedings. 486 U.S. at 160, 108 S.Ct. 1692. In *Valdez*, it was observed:

> If counsel is inhibited or reluctant in examination of a former client, then the

defendant is not likely to receive proper representation within the meaning of the Sixth Amendment. See *United States v. Iorizzo*, 786 F.2d 52, 57–59 (2d Cir.1986); *United States v. Soudan*, 812 F.2d 920, 927 (5th Cir.1986).

■ However, the conflict in such instance must effect the adequacy of the representation. *United States v. Winkle*, 722 F.2d 605 (10th Cir.1983). There is no showing that in this instance the representation of defendant would be effected. Therefore, defense counsel's prior representation of a Government witness "does not 'automatically' create a conflict of interest adversely affecting representation." *Valdez*, at 227. A speculative conflict is not sufficient to overcome the defendant's Sixth Amendment right to counsel of choice *Valdez, Id.* A disqualification under *Wheat* is not required.

In *United States v. Bowie*, 892 F.2d 1494 (10th Cir.1990) the court found no conflict where the prior representation of defendant was on an unrelated charge. See also *United States v. Soto Hernandez*, 849 F.2d 1325 (10th Cir.1988) (representation of witness on unrelated matter where witness may not have testified against defendant did not raise conflict of interest as to defense counsel). In *Hernandez v. Mondragon*, 824 F.2d 825 (10th Cir.1987) the court said if there was a substantial relationship between the representation of the witness and the present case the conflict issue would be significant. See *United States v. Martin*, 39 F.Supp.2d 1333 (D.Utah 1999) (Substantial conflict by prior involvement). That is not the case in this instance.

In *United States v. Amini*, 149 F.R.D. 647 (D.Utah 1993) this court again restated the position that prior representation of a witness is not per se a basis for

---

**2.** A defendant or witness may waive a conflict of interest. See *Wallace v. Ward*, 191 F.3d

1235 (10th Cir.1999).

disqualification and that a strong presumption favors defendant's choice of counsel. The court refused to disqualify counsel who had represented defendant's wife who was a codefendant.

There is no evidence in this case that defense counsel's representation. or prior involvement with the Government witness would be detrimental to the witness or to defendant Penn or that other interests would deflect counsel's performance. *United States v. Alvarez,* 137 F.3d 1249 (10th Cir.1998). The Government has not shown an actual conflict warranting recusal of defense counsel.

At hearing the Government observed that its witness was still indebted to Mr. Booker for a little over eight hundred dollars for the legal services counsel rendered. However, this would not effect the attorney's representation of defendant or involve any issue in the examination of the Government's witness. Therefore,

**IT IS HEREBY ORDERED** the motion of the United States to disqualify defendant's attorney is **DENIED.**