**UNITED STATES of America, Plaintiff,**

v.

**Mike and Alice AMINI, Defendants.**

**No. 93–CR–88 W.**

United States District Court,
D. Utah, C.D.

July 26, 1993.

Glen R. Dawson, Asst. U.S. Atty., Salt Lake City, UT, for plaintiff.

Peter Stirba, Rodney G. Snow, Salt Lake City, UT, for defendants.

MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

Defendants, Mike and Alice Amini, are husband and wife. Mike Amini has been indicted in thirty two (32) counts including interstate transportation of money taken by fraud (18 U.S.C. § 2314); theft or bribery concerning programs receiving federal funds (18 U.S.C. § 666); money laundering (18 U.S.C. § 1957); engaging in monetary transactions in property derived from an unlawful activity (18 U.S.C. § 982); and willfully submitting false tax returns (26 U.S.C. § 7206(1)). The defendant Alice Amini is jointly charged with Mike Amini with the six counts in the indictment charging willfully submitting false income tax returns. Alice Amini is not charged in the other counts of the indictment. The false tax return charges involve the failure to report income derived from the illegal activities of Mike Amini,

which are charged as part in the other counts of the indictment. Alice Amini allegedly was involved in some of these activities but has not been charged.

The United States Attorney filed a motion to disqualify counsel for Mike Amini because counsel had previously represented Alice Amini. Mike Amini is now represented by Peter Stirba, Esq. and Alice Amini by Rodney G. Snow, Esq. Mr. Stirba and Mike Amini oppose the government's disqualification motion.

The government contends that because Mr. Stirba previously represented Alice G. Amini and took confidential communications from her, Stirba would have to cross-examine Alice Amini at trial and couldn't do so effectively. It is also asserted that there could be a conflict in representation relative to the sentencing guidelines (U.S.S.G.) if Alice Amini should be convicted and claim only to be a minor participant. U.S.S.G. 3B1.2(b). This could put Mike Amini in a position of having to defend against Alice's assertion and against a possible upward adjustment for a leadership role. U.S.S.G. 3B1.1(c). The government also contends Stirba may be in violation of Rules 1.6(2) and 1.9 of the Utah Rules of Professional Conduct as adopted and amended or revised by this court. D.Utah Rule 103–1, March 1, 1993. See *SLC Limited V v. Bradford Group West, Inc.,* 999 F.2d 464 (10th Cir.1993). In addition D.Utah Rule 302(a) provides a specific statement of policy against an attorney representing potential "government" witnesses in the same matter as the attorney who is representing the defendant. It is likely Alice Amini could be a witness although not for the government. D.Utah Rule 302(a) is not directly or literally involved in this case with the issue presented.

Mr. Stirba has filed a response in which it is contended that he has not represented Alice Amini in this matter and only represented her in regard to a forfeiture matter. It is claimed there has not been an attorney client relationship involving Mr. Stirba and Alice Amini in this case. In regard to Rule 1.9 it is asserted this is not a case of representation in a substantially related matter to the one involving Alice Amini and that the interests are not materially adverse, rather it is stated that the interests of Mike and Alice Amini are the same. Stirba asserts the prior forfeiture matter, although related, was not co-extensive with the pending criminal charges. It is contended any conflict is not real but merely speculative.

Hearing was held on the motion to disqualify. At the hearing it appeared that Mr. Stirba represented Alice Amini in three matters related to this case. First, following this court's issuance of a search warrant directly involved with the evidence and substance of this case, Alice Amini represented by Mr. Stirba made a motion under Rule 41(e), F.R.Cr.P. for return of seized property and accounts. That motion was denied by District Judge Sam in April, 1993. Second, on April 13, 1993, Stirba represented both Mike Amini and Alice G. Amini in response to a prosecution request for handwriting samples. That evidence was directly related to the instant indictment. Third, Stirba represented both defendants in a forfeiture matter arising from the same conduct as is involved in the indictment.

Contrary to Stirba's assertion, the prior representation of Alice Amini in the prior proceedings involved matters directly related to the instant indictment. Stirba's prior representation of Alice Amini was in a substantially related matter within the meaning of Rule 1.9, Utah Rules of Professional Responsibility. *SLC Limited V,* supra; *Smith v. Whatcott,* 757 F.2d 1098, 1100 (10th Cir. 1985). The matters have a substantial factual relationship to this case. Stirba's contention that the prior representation of Alice Amini was not coextensive to the present indictment is correct, but the prior representation was directly related to the subject matter and facts of the present indictment.

At trial there will be potential conflicts. First, Mrs. Amini was involved in making certain deposits of stolen funds and in stock transactions. Whether she was aware of the tainted nature of the assets she dealt with is a question to be determined. It is possible, if Alice Amini testifies in her own behalf as to her innocent involvement and defends against the tax charges on the basis of an innocent spouse defense see Internal Reve-

nue Code 26 U.S.C. § 6663(c), 6013(e) (civil penalties), she would be subject to examination by Stirba. Of course in a criminal prosecution under 26 U.S.C. § 7206(1) the falsity in the return must be willfully made. *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976). If Alice Amini was merely an innocent spouse she would not have the requisite *mens rea* for criminal responsibility. If she testified in such a manner she would directly, or at least inferentially, cast guilt on her husband, Mike Amini. Examination by Stirba to dispel Mike Amini's guilt could involve an effort to cast doubt on Alice Amini's credibility or even infer greater culpability for the tax violations as well as other forms of culpability. Stirba may seek to examine on matters within a confidential communication by Alice Amini, or withhold vigorous examination of Alice for fear of breaching a confidential communication. This could, either way, have an adverse effect on both Mike Amini and Alice Amini. It could adversely effect Stirba's advocacy for Mike Amini. Therefore, the conflict in this instance is potentially a real one. *Culyer v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

In addition, if Mike Amini were convicted along with Alice, Alice's position on the sentencing guidelines could be to cast responsibility on Mike Amini as a leader and for Alice to claim she was a minor participant. This may require Stirba to defend against a leader assessment, U.S.S.G. 3B1.1(c), by claiming that there was no leader relationship but one of mutual culpability. The circumstances could place Stirba in a position that would be arguably incompatible with his prior loyalty to his former client, Alice Amini. The question is also presented as to whether the circumstances are compatible with sound judicial administration.

This court recently addressed this issue in *United States v. Valdez,* 149 F.R.D. 223 (D.Utah 1993). In *Valdez* counsel's representation of a prosecution witness was not as direct as in this case and it was concluded that there was no violation of D.Utah Rule 302(a) nor Rule 1.9, Rules of the Utah Rules of Professional Conduct. The court also noted that where there is an actual conflict of interest, it requires the court to determine if the "independent interest [of federal courts] in ensuring that the criminal trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all who observe them" outweighs the defendant's right and interest in selecting his own counsel under the Sixth Amendment. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

In *Wheat* the court said that there was a presumption in favor of defendant having the right to select his own counsel, but that interests of judicial administration could override the defendant's Sixth Amendment right. In *Valdez* this court found the presumption favored defense counsel continuing to represent the defendant. It was also noted that merely because the defense counsel had previously represented a potential government witness did not "automatically" create a conflict of interest. See *United States v. Dressel,* 742 F.2d 1256, 1260 (10th Cir. 1984).

In this case, it is not a government witness that is involved but a codefendant. The conflict here is more immediate than that in *Valdez,* but of a different nature. However, Rule 1.9, Utah Rules of Professional Conduct, in addition to precluding representation in a substantially factually related matter, requires the person's interest being represented to be materially adverse to the interests of the former client. Although the interests of Alice and Mike Amini may become adverse, the nature of their defense is not clearly known at this point and the court's prior observations as to a real conflict are based on the "potential" for a conflict. However, the circumstances in the *Wheat* case, where the Supreme Court upheld the trial court's determination that sufficient disqualifying circumstances existed to override defendant's choice of counsel, are of the same general nature as in this case. Therefore, although Rule 1.9 Utah Rules of Professional Responsibility may not be clearly violated, the affected interests of judicial administration in this case are significant.

Stirba relies heavily on *United States v. Haren,* 952 F.2d 190 (8th Cir.1991) for the

position that disqualification is not required. The facts in *Haren* are similar to those in this case. Originally counsel in *Haren* apparently represented both husband and wife in a drug prosecution. After arraignment and before trial the attorney advised the wife to obtain separate counsel, which she did. Original counsel continued to represent the husband. On appeal the husband claimed his counsel had a conflict of interest. The defense counsel at a pretrial hearing had expressly stated that he would represent one defendant and different counsel should be appointed for the codefendant. On appeal the argument was made that a conflict existed and the court had not made adequately inquiry as to any conflict in allowing the continued representation. The court said a trial court can give substantial weight to the defense counsel's representations regarding a conflict. The Court of Appeals did not fully discuss the conflict but held the trial court had not abused its discretion in allowing counsel to continue to represent the defendant. It can be inferred that the trial court could have also relieved counsel, if in its discretion, sound reasons justified it. The *Wheat* issue was not raised or discussed and *Haren* is not fully controlling in this case. However, of some significance to this case is the inference that deference is to be accorded defense counsel's assessment of the question of whether a real conflict exists.

■ In this case Stirba asserts the conflict is speculative. There is some support for this contention since the evidence of the position of Alice Amini at the Rule 41(e) F.R.Cr.P. motion and the forfeiture proceedings was that she was merely an innocent spouse. This will probably be her claim at trial. Stirba's prior assertion of her position may not be inconsistent with her present defense and Mike Amini may not need to directly challenge Alice's defense. Still there exists the potential for conflict, noted before, and Mike Amini does not have to show actual prejudice to later support a claim of conflict of interest *Cuyler v. Sullivan,* supra. Mike Amini would only have to show that Stirba's prior representation of Alice Amini had some effect on Stirba's advocacy on behalf of Mike Amini. In this case, there is no requirement for automatic replacement of counsel merely

because of a suggestion of a conflict. *Hernandez v. Mondragon,* 824 F.2d 825 (10th Cir.1987); *Valdez v. Winans,* 738 F.2d 1087 (10th Cir.1984) (defense counsel also represented a defense witness). Defendant is however entitled to an attorney free of actual conflicts. *United States v. Soto Hernandez,* 849 F.2d 1325 (10th Cir.1988); *United States v. Burney,* 756 F.2d 787 (10th Cir.1985), but prior representation of a witness is not per se a basis for disqualification *United States v. Dressel,* supra. It has been said that an attorney who cross-examines a former client "inherently encounters divided loyalties." *Lightbourne v. Dugger,* 829 F.2d 1012 (11th Cir.1987). Prior representation of unindicted coconspirators does not necessarily require recusal of counsel. *United States v. Suntar Roofing, Inc.,* 897 F.2d 469 (10th Cir.1990). Where prior representation of an unindicted coconspirator, who was hostile to the prosecution, resulted in no adverse effect to defendant, no impermissible conflict was established. *United States v. Davis,* 766 F.2d 1452 (10th Cir.1985). See also *Church v. Sullivan,* 942 F.2d 1501 (10th Cir.1991).

In *United States v. Pirolli,* 742 F.2d 1382 (11th Cir.1984) the court held a defendant's constitutional right to counsel was not violated because his attorney represented a codefendant at an initial stage of the proceedings. However, the above cases did not give full consideration to the *Wheat* factors which the government has urged for disqualification. At this stage, *Wheat* is a matter for the trial court to evaluate. In this case the *Wheat* considerations are a matter of real concern. See *Suntar Roofing,* infra. The government acted very properly in bringing this motion for disqualification, *United States v. Valdez,* supra. The government would have been remiss if the motion had not been brought. See D.Utah Rule 302(a). If the circumstances of this case had not been fully developed at a hearing on this matter, *Wheat* may strongly justify this court in granting the government's motion.

*Waiver*

Stirba argues that Mike Amini has made a knowing intelligent waiver of his right to conflict free counsel. The court held a full

hearing on this issue. Mike Amini testified and was fully informed of the potential conflicts and the fact that if he waived any conflict he could not later assert the conflict of his counsel. Amini was strongly in favor of Stirba continuing to represent Amini. He had previously discussed the problem of any conflict with Stirba. Mike Amini was aware of the problems of cross examination by Stirba if Alice Amini testified and still Mike Amini expressed the desire to be represented by Stirba.

In addition, Alice Amini testified that she waived any potential prejudice to herself. Although Mr. Snow, Alice Amini's counsel, indicated he didn't want to waive anything, when Alice testified she fully asserted her desire to have Stirba continue to represent her husband even if Stirba's advocacy would be adverse to Alice. Under these circumstances Alice Amini cannot complain of Stirba's representation of her husband. Mike Amini has made a full, knowing, voluntary, and complete waiver of any conflict that Stirba may have. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ A defendant may waive a conflict that counsel may have. *United States v. Winkle,* 722 F.2d 605 (10th Cir.1983); *United States v. Burney,* supra; *Moore v. United States,* 950 F.2d 656 (10th Cir.1991); *United States v. Martin,* 965 F.2d 839, 843 (10th Cir.1992). The waiver must be in accord with constitutional standards. In this case, such a waiver has been made.

■ The issue then is whether this court should respect the waiver by Mike Amini in this case or apply *Wheat* and disqualify counsel as the government requests. The issue is a troubling one. However, as this court noted in *United States v. Valdez,* supra, a strong presumption favors the defendant's choice of counsel. In this case, where counsel's present and former clients have both indicated a strong desire to have counsel continue to serve, the presumption, and defendant's wish, should be respected absent a strong showing of an adverse impact on the administration of justice. A stronger showing is required than has been demonstrated in this case for the court to

exercise the discretion to disqualify counsel under *Wheat.* Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States to disqualify the defense counsel for defendant Mike Amini is denied.