**UNITED STATES of America, Plaintiff,**

v.

**Wayne TA, Defendant.**

**No. 96–CR–71 W.**

United States District Court, D. Utah, Central Division.

Sept. 3, 1996.

Jeffrey Breinholt, Matthew Howell, Asst. U.S. Attys., Salt Lake City, UT, for Plaintiff.

Paul T. Moxley, Robert E. Mansfield, Moxley Jones & Campbell L.C., Salt Lake City, UT, for Defendant.

### ORDER

BOYCE, United States Magistrate Judge.

The United States has made a motion to disqualify attorneys Gordon Campbell, Paul T. Moxley and their partners and associates from representing defendant Wayne Ta. Mr. Campbell has never represented Mr. Ta in an attorney/client relationship and has made it clear to the court that he will not represent Mr. Ta. Therefore, the issue is whether Paul T. Moxley and the law firm of Moxley, Jones and Campbell, L.C. should be disqualified from representing Ta who is charged in a four count indictment with offenses under 26 U.S.C. § 7206(1) (tax perjury).

Mr. Gordon Campbell was an assistant United States Attorney for the District of Utah until April 15, 1996 when he left the office to go into private law practice with the firm of Moxley, Jones and Campbell. The

indictment in this case was returned on April 10, 1996 and Campbell was not listed as Government counsel on the indictment. He did not participate in the actual screening of the case for prosecution. The Government contends, however, that Campbell has an apparent or actual conflict of interest that requires the disqualification of all defense counsel. In order to resolve this matter, the court held an evidentiary hearing and took testimony from material witnesses.

### Evidence

Campbell was an assistant United States Attorney in the District of Utah from 1979 to 1981 and again from 1987 to 1996. At the time relevant to this case, before Campbell's departure from the United States Attorney's office in Utah, he was in charge of prosecutions involving tax fraud, environmental crimes, bank fraud and like matters. Campbell was aware of the pending Ta prosecution.[1] Campbell had opened a file in 1995 on the Ta case upon receiving the investigation but had not reviewed the file. Campbell assigned the case to Jeffery A. Breinholt, a designated assistant in the Utah United States Attorney's office and senior trial attorney with the United States Department of Justice, Tax Division.

Later Breinholt had a conversation with Campbell about the Ta case, preliminary to it being submitted to the grand jury. Brienholt told Campbell about what the case involved and discussed whether money laundering charges of structuring ought to be joined with possible tax violations. Campbell advised against it and said the case was otherwise a strong one and evidence relating to structuring would be admissible on the tax charges in any event. The case of *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) was also discussed as to its application in principle to the prosecution of Ta. Campbell also had a brief passing conversation with Scott Matheson, the United States Attorney, about the case.

Matheson was also informed by Breinholt of Campbell's assessment. Breinholt had one more brief conversation with Campbell about the case. Breinholt thereafter prepared and submitted the case to the grand jury. Campbell's assessment played a substantial role in Breinholt's decision not to submit money structuring counts in the request for the indictment. Campbell played no role in drafting the indictment or presenting the case to the grand jury. After the indictment, Campbell left the United States Attorney's office.

Thereafter, defendant Ta came to Campbell's private law office. Campbell had never spoken to Ta when Campbell was a Government attorney. Ta had a copy of the indictment. He was represented by an attorney but wanted other counsel.[2] Campbell was sensitive to his representing Ta and said there could be problems and refused to undertake the case. Campbell then referred Ta to attorney Moxley and Campbell has had no further involvement with the case and will receive no part of the any fee that Ta would pay for Moxley's representation if Ta is represented by Moxley.

Defendant Ta has filed an affidavit indicating he is aware of all ramifications from any representation by Moxley and requests the continued representation of Moxley. Ta has waived any conflict of interest. At hearing on this matter, Ta testified under oath that his choice for his lawyer is Paul Moxley. Ta said that any conflicts have been discussed with Moxley and Ta still wants Moxley to represent him. He affirmatively waived any conflict, both in his testimony and by affidavit.

There is no evidence that Campbell has any confidential information about the case. He did not read the prosecution reports in the United States Attorney's file that provided the basis of the determination to prosecute. His conversation with Breinholt did not involve detailed facts and were general and about the legal issues involved in the

---

1. This was before indictment after the Tax Division of the Justice Department had referred the matter to the District of Utah prosecution. Campbell knew the defendant by the name of Vang Ta.

2. Campbell knew the defendant as Vang Ta not Wayne Ta and did not immediately identify the case as one he had worked on but later became aware of a potential problem.

decision to prosecute. Breinholt prepared the screening memorandum on the case. Campbell had no contact with the Internal Revenue Service case agent who conducted the investigation of Ta. The United States has adopted an open file policy with regard to the facts in the prosecution's possession. All information in the files is available to the defense. In addition the Moxley law firm has screened Campbell out of any involvement direct or incidental with the case.

### Discussion

■ in *Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) the court recognized that an accused's right to counsel of his choice was not absolute. The choice of counsel may be denied in appropriate circumstances where chosen counsel has an actual conflict of interest or where there is a serious potential for such a conflict. The court said where there is an actual conflict of interest, defendant's waiver of a conflict may be declined. The district court has substantial latitude in refusing a waiver in actual conflict situations, and "in the more common cases where a potential for conflict exists ..." *Id.* at p. 163, 108 S.Ct. at 1699. The trial court has discretion. *Id.* at p. 164, 108 S.Ct. at p. 1699. However, the Supreme Court also observed:

> Nor may a defendant insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party, even when the opposing party is the Government.
>
> *Id.* 486 U.S. at p. 159, 108 S.Ct. at p. 1696.

The Court did say the "District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential conflict." *Id.* at p. 164, 108 S.Ct. at 1699. The facts and circumstances in each case are to be determined by the district court.

Two circumstances in this case are at variance with the facts of *Wheat*. First, the direct conflict existing because of Campbell's prior representation has been resolved because of Campbell's proper conduct in refusing to represent Ta. Had Campbell entered into an attorney/client relationship with Ta, disqualification would be required. *United States v. Brothers*, 856 F.Supp. 370 (D.M.D.Tenn.1992) (former assistant United States Attorney disqualified from representing defendant based on involvement in issuance of search warrants concerning codefendant's involvement in drug smuggling, etc.). In this case, there is no longer any direct conflict of interest if Moxley represents Ta.

Ethical considerations must be evaluated. The Utah Rules of Professional Responsibility have been adopted by this court in D. Utah Rule 103–1(h), March 1, 1993 which provides:[3]

(h) *Standards of Professional Conduct.* All attorneys practicing before this court, whether admitted as members of the bar of this court, admitted pro hac vice, or otherwise as ordered by this court, shall be governed by and shall comply with the rules of practice adopted by this court, and unless otherwise provided by these rules, with the Utah Rules of Professional Conduct, as revised and amended and as interpreted by this court.

Rule 1.11 Utah Rules of Professional Conduct applies to situations involving successive Government and private employment. Subsections (a) and (b) provide:

(a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated *personally and substantially* as a public officer or employee, unless the appropriate Government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or

---

**3.** Defendant's counsel has suggested Rule 1.9 Utah Rules of Professional Responsibility is not applicable to the issue but that Rule 1.11 is the determining standard. It is unnecessary to resolve that contention. This issue must be resolved under the Sixth Amendment and the *Wheat* standard. Rule 1.9 provides the court with a point of focus to determine the "conflicts" issues that should be evaluated in any proper *Wheat* analysis.

continue representation in such a matter unless:

(1) The disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

(b) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is *confidential Government information* about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person, unless the appropriate Government client consents after consultation with the lawyer. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is *screened from any participation* in the matter and is apportioned no part of the fee therefrom. (Emphasis Added).

■ In this case Campbell was substantially involved in the case[4] and would be personally disqualified. Of course mere appearance of impropriety is not sufficient for disqualification, *Armstrong v. McAlpin,* 625 F.2d 433, 445 (2nd Cir.1980) (en banc), but in this case Campbell's prior participation makes any involvement by him improper. However, he is not and does not intend to be involved in this case.

Rule 1.9 Utah Rules of Professional Conduct provides:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a *substantially factually related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b) *Use information relating to the representation to the disadvantage of the former client except* as Rule 1.6 would permit with respect to a client or when the *information has become generally known.* (Emphasis Added).

■ The Rules of Professional Responsibility would appear to preclude representation by Moxley and Campbell's other new partners if Campbell acquired confidential information and a proper screening could not be imposed. Safeguarding confidential Government information is a significant consideration. *ASA Comm. on Ethics and Prof. Responsibility, Formal Op. 342* (1995). In this case the indictment has been published. Also, made known is the fact that no structuring charges have been brought but that structuring evidence will be offered by the United States under Rule 404(b) F.R.E. in the prosecution. Further, counsel for Ta will have access to the Government's evidence and files. Rule 1.11(e) of the Rules of Professional Conduct defines confidential information as:

(e) As used in this rule, the term "Confidential Government Information" means information which has been obtained under Government authority and which, at the time this rule is applied, the Government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and which is not otherwise available to the public.

■ There is no evidence Campbell has such information. In addition, even though the Moxley, Jones and Campbell firm is small, Campbell has been screened out from involvement in this case. See Rule 11.1, Utah Rules of Professional Responsibility.

However, in addition, this case is a criminal prosecution and there are Sixth Amendment interests of defendant Ta that effect the court's power to disqualify as well as the exercise of the power recognized in *Wheat,* supra.[5] In *United States v. Valdez,* 149

---

4. The defendants have suggested Campbell was not substantially involved with the case when in the United States Attorney's office. However, being responsible for influencing the framing of the indictment is substantial involvement.

5. The Utah Rules of Professional Responsibility, based on the ABA Model Rules, are not drafted to

F.R.D. 223 (D.Utah 1993) this court confronted the question of whether counsel should be allowed to represent a defendant when there was a potential conflict. The defense attorney in *Valdez* had previously represented a Government witness. The court focused on Rule 1.9 of the Utah Rules of Professional Responsibility as having application in assessing the potential conflict. The court looked at the issue of whether an actual conflict existed and on the potential for a future conflict. The court also noted it was the *duty* of the prosecutor to bring to the attention of the court "any possible conflict of counsel so that it may be resolved on the record in pretrial proceedings rather than await trial or post conviction challenges." 149 F.R.D. at p. 228. The court observed:

A presumption favors the defendant's choice of counsel after defendant is charged, unless for reasons of ethics and judicial administration, defendant's choice of counsel should be disallowed.

149 F.R.D. at p. 229.

Counsel was not disqualified. The presumption of choice of representation was held to govern.

In *United States v. Amini,* 149 F.R.D. 647 (D.Utah 1993) the court refused to disqualify counsel from representing a defendant where counsel had previously represented the defendant's wife in the same prosecution. The court said the conflict was speculative and a waiver of the conflict, if any, had been made by the defendant. The court said:

The issue then is whether this court should respect the waiver by Mike Amini in this case or apply *Wheat* and disqualify counsel as the Government requests. The issue is a troubling one. However, as this court noted in *United States v. Valdez,* supra, a strong presumption favors the defendant's choice of counsel. In this case, where counsel's present and former clients have both indicated a strong showing of an adverse impact on the administration of justice, a stronger showing is required than has been demonstrated in this case for the court to exercise the discretion to disqualify counsel under *Wheat.*

deal with the special problems of the criminal

149 F.R.D. at p. 651.

■ There is a strong presumption to allow a defendant to have the counsel of his choice, but it is not absolute *United States v. Oles,* 994 F.2d 1519, 1525 (10th Cir.1993); *United States v. Mendoza–Salgado,* 964 F.2d 993, 1015 (10th Cir.1992); *United States v. Collins,* 920 F.2d 619 (10th Cir.1990). However, defendant should be afforded his choice of counsel, if counsel is conflict free and there is no other reason to preclude it. *Wheat v. United States,* supra; *United States v. Valdez,* supra; *United States v. Amini,* supra. In this case, Campbell has no confidential information and therefore none could be communicated to Moxley. No actual conflict of interest exists e.g. *United States v. Suntar Roofing Inc.,* 897 F.2d 469 (10th Cir.1990); *United States v. Soto Hernandez,* 849 F.2d 1325 (10th Cir.1988); *Hernandez v. Mondragon,* 824 F.2d 825 (10th Cir.1987); *United States v. Davis,* 766 F.2d 1452 (10th Cir. 1985). Further, it appears Campbell has been isolated from this case and will have no participation with it or receive any part of a fee. There is no real possibility of any future conflict or compromise. See Rule 11.1(1) Utah Rules of Professional Responsibility. Ethical considerations do not require Moxley be disqualified as counsel for Ta.

The United States asserted that Moxley would be arguing against Campbell's assessment that the prosecution's case is a strong case and Moxley could be hesitant to do so. However, this is not an interest of the United States, but a matter of a possible tangential conflict which would be of concern to defendant. It is at best speculative and problematical and not likely in reality. See *United States v. Mett.,* 65 F.3d 1531 (9th Cir.1995) (defense attorney represented prosecutor in collateral DUI case. No conflict found). However, defendant has made a knowing and intelligent waiver of any conflict. See *United States v. Saccoccia,* 58 F.3d 754, 772 (1st Cir.1995). Therefore the presumption favoring the defendant's choice of counsel applies and the Government's motion for disqualification should be denied. *Valdez,* supra. Therefore,

practitioner and Sixth Amendment issues.

**IT IS HEREBY ORDERED** the motion of the United States to disqualify the firm of Moxley, Jones and Campbell from representation of defendant Wayne Ta is denied.