THE PROCTER & GAMBLE
CO., et al., Plaintiffs,

v.

Randy L. HAUGEN, et al., Defendants.

No. 95–NC–94 K.

United States District Court,
D. Utah,
Central Division.

Dec. 18, 1998.

Tracy H. Fowler, Alan L. Sullivan, David N. Wolf, Kari E. McCulloch, Snell & Wilmer L.L.P., Salt Lake City, UT, Stanley M. Chesley, Fay Stilz, Theresa L. Groh, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, John E. Jevicky, Carl J. Stich, Jr., Robert Heuck, II, Dinsmore & Shohl, Cincinnati, OH, for plaintiffs.

Joseph J. Joyce, Kirstin A. Van Orman, Strong & Hanni, Salt Lake City, UT, James R. Sobieraj, Timothy Q. Delaney, Brinks, Hofer, Gilson & Lione, Chicago, IL, Gainer M. Waldbillig, Edwin C. Barnes, Clyde, Snow & Swenson, P.C., Salt Lake City, UT, Michael A. Mohr, Albertus Hultink, Sharon D. Grider, Amway Corporation, Ada, MI, Jeffrey G. Musgrove, Katy, TX, for defendants.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Amway Corporation has made a motion to disqualify Nicholas DiFonzo as an expert for plaintiff, Procter & Gamble. The motion also requests disqualification of any counsel for plaintiff Procter & Gamble and their respective law firms with whom DiFonzo had discussions. The motion is based on the fact that Amway's counsel had, in 1996, consulted with DiFonzo as an expert in connection with the subject matter involved in this case. It is unclear whether Amway consulted with DiFonzo initially as a consulting expert only, see Rule 26(b)(4) F.R.C.P., or intended to consult with DiFonzo to see if he was favorable to Amway's position, possibly as an expert witness, and then determined not to use DiFonzo as an expert. A single consultation occurred between Amway's counsel and DiFonzo. Later, Procter & Gamble (P & G) consulted with DiFonzo and retained him as an expert for this litigation. He has provided a report pursuant to Rule 26(a)(2), F.R.C.P. to Amway on behalf of Procter & Gamble. The matter of DiFonzo's disqualification is not a part of this order. That

matter is under advisement and will be resolved later. This order will address only whether Procter & Gamble's counsel should be disqualified.

The basis of Amway's motion for disqualification of P & G's counsel is that the DiFonzo consultation with P & G violated Amway's counsel's work product protection because the consultation between Amway's counsel and DiFonzo involved disclosure of counsel's work product in the form of mental impressions and strategies. Amway asserts the right to apply a taint concept to exclude Procter & Gamble counsel and others who had contact with DiFonzo from participating in this case. It should be noted Amway does not claim a violation of an attorney/client privilege. There is no evidence DiFonzo was consulted to obtain information to be transmitted to Amway for legal purposes or that confidential information from Amway was channeled through Amway's counsel to DiFonzo. Also, the claim by Amway is not within the protection of Rule 26(b)(3) F.R.C.P. work product standards for trial materials. This issue does not involve documents or tangible things, but the effect of possible disclosure of attorney impressions and strategy. Therefore, Rule 26(b)(3) F.R.C.P. does not directly apply. The issue here is an claim of extension of the work product protection in a different context, that is the protection of counsel's work product in mental impressions and strategies in this litigation that might have been disclosed during the consultation with DiFonzo.

This claim is not governed by the Rules of Civil Procedure per se, or by standards of ethics under the Rules of Professional Responsibility.

■ In *Cordy v. Sherwin–Williams Co.,* 156 F.R.D. 575 (D.N.J.1994), the court acknowledged there was no directly applicable ethical rule to govern the contact with experts but then seemed to apply a form of an appearance of impropriety standard which is inappropriate under the law of this district and the Tenth Circuit. The analysis appeared to be an ethics by analysis approach. The analytical approach is proper to reach a

conclusion based on justifiable legal or sound policy based rationale but not on a theory of an appearance of impropriety or ethical restriction. The court rejects this aspect of the *Cordy* position. Ethics standards should be clear and precise so that an attorney can know beforehand what conduct is unacceptable. Applying analogy rules to impose an ethical boundary should not be the standard. It does not fairly advise counsel of what is proper. Attorneys who consult expert witnesses do not *own* the expert. They should not necessarily, in all cases, be permitted to tie up the expert's testimony by a single act of consultation, as was the situation in this case. If that were the policy, it would allow a party to initially engage many experts whose opinions are adverse to the party's position and then preclude their testimony by arguing a theory of presumptive disqualification. Such a rule is not appropriate. A more careful, precise, reality based standard must be utilized. Therefore, with due respect, the court rejects part of the *Cordy* Court's analysis. Only if a real interference with work product or a similar interest is demonstrated, or shown to be likely, should the court disqualify counsel for seeking out an expert not enlisted as an expert witness for an opponent or as a current consultant. Rule 26(b)(4)(B) F.R.C.P. does provide a certain work product protection but it is not clearly defined by the Rule as applicable here and does not address the exact scope of protection that Amway seeks to invoke in this instance.[1]

In this instance, contrary to the implication and assertion in Amway's memorandum on this motion, there is no showing of the dimension of the information disclosed to DiFonzo. Further, there is no evidence that anything Amway disclosed to DiFonzo that was in fact work product or the like and protected from disclosure. Also, there is in fact no evidence that protected material was disclosed to P & G's counsel. Amway's counsel asserted an argument for a presumption of disclosure. However, the presumption, if it is applicable, is not "irrebuttable" and as an evidentiary presumption would not shift

---

1. The "mental impressions" protection was alluded to but not analyzed in *Upjohn Co. v. United* *States,* 449 U.S. 383, 401, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

the burden of proof that Amway must bear. See Rule 301 F.R.E. · Whether Rule 301 F.R.E. has application to this motion is arguably doubtful, but the policy of keeping the burden of proof on the movant is the standard applicable in this instance.

The court agrees with the position taken in *Cordy v. Sherwin–Williams, Co.*, supra, that the court has inherent authority to disqualify counsel or a witness if there are adequate legitimate supporting reasons based on sound judicial administration. See *Parkinson v. Phonex Corp.*, 857 F.Supp. 1474, 1476 (D.Utah 1994); *English Feedlot, Inc. v. Norden Laboratories, Inc.*, 833 F.Supp. 1498, 1501 (D.Colo.1993).

In *United States v. Ta*, 938 F.Supp. 762 (D.Utah 1996) the court considered the government's motion to disqualify counsel for a defendant where a former Assistant United States Attorney, who was involved in the prosecution of defendant, joined the law firm that was representing the defendant, but was not himself representing the defendant and had removed himself from involvement. The court noted it had substantial latitude as to dealing with the conflict of interest claimed by the government. The court rejected an argument that the mere appearance of impropriety was sufficient for disqualification. 938 F.Supp. at 765; see also *Armstrong v. McAlpin*, 625 F.2d 433, 445 (2d Cir.1980). The court denied disqualification where there was no showing that transmission of confidential information was involved. Although this was a criminal case where there is a strong presumption favoring a defendant's choice of counsel the stand is not necessarily inappropriate here. *United States v. Ta*, at 766; *United States v. Mendoza–Salgado*, 964 F.2d 993, 1015 (10th Cir.1992). Although *Ta* was a criminal case, there is still an interest that a party has in a civil case in not arbitrarily precluding the party's choice of counsel. *In Matter of Bohack Corp.*, 607 F.2d 258, 263 (2d Cir.1979); *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir.1995). Further, a speculative conflict is insufficient for disqualification. *United States v. Amini*, 149 F.R.D. 647 (D.Utah 1993); *Ta, supra* at 766. It must be remembered that consultive communications with a retained expert are not fully protected from disclosure, Rule 2(b)(4)(B) F.R.C.P.

Further, this court has rejected a broad rule of exclusion of evidence or disqualification where a possible discovery impropriety exists. *Weider Sports Equipment Co. v. Fitness First, Inc.*, 912 F.Supp. 502 (D.Utah 1996). However, the court in *Weider* did recognize that in an appropriate case disqualification of conflicted counsel is an appropriate remedy. *Id.* at 510. However, disqualification of counsel is a "drastic" measure and a court should hesitate to impose it except when "necessary." *Bullock v. Carver*, 910 F.Supp. 551, 559 (D.Utah 1995). The facts of particular situations involving a claim of disqualification must be individually considered. *SLC, Ltd. V v. Bradford Group West, Inc.*, 999 F.2d 464, 468 (10th Cir.1993); *Bullock, supra* at 558; *Poly Software International v. Su*, 880 F.Supp. 1487, 1494 (D.Utah 1995). A functional analysis is required, *Id.* at 559; *Graham v. Wyeth Laboratories*, 906 F.2d 1419 (10th Cir.1990). Critical to the evaluation is whether the objectionable circumstance taints the litigation. *Parkinson v. Phonex Corp.*, 857 F.Supp. 1474, 1476 (D.Utah 1994). The elements pertinent to such an evaluation are set forth in Parkinson, although not involving the same circumstance as this case, they should be considered and are also of value in this case in assessing the need for the relief requested. The egregiousness of the violation, prejudice, and diminution of counsel's effectiveness are among the relevant factors. In this case Amway has not shown such a series of circumstances or any single circumstance that would support disqualification of counsel. In *Parkinson, supra,* the court said the essential issue in determining whether counsel should be disqualified in a litigation situation is whether the alleged misconduct taints the lawsuit. The court must reject a per se disqualification and requires a showing of actual taint or a substantial likelihood. A concept of fruit of a poisoned tree is not applicable to this situation.

In addition, the court concludes another factor that should be considered is the degree to which a party consulting an expert has taken steps to protect any work product

or like claim. A non-lawyer may not be sensitive to this interest and may reveal confidential information out of ignorance. See *Cordy, supra*, at 584; *Williams v. Trans World Airlines, Inc.*, 588 F.Supp. 1037, 1043 (W.D.Mo.1984). With this reality, the party seeking to protect a work product claim should be obligated to take steps to protect the interest by informing the expert as to any limitations imposed by the consultation. In *Berkey Photo Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 616–17 (S.D.N.Y.1977) Judge Frankel appeared to conclude that showing work product material to an expert waived the work product claim. In this case, where the consultation is apparently oral with disclosure of strategies or counsel's thought process being disclosed in the exchange, the protected interest is less obvious to the lay person. The claimant of the work product privilege cannot ignore reality and, after the time of consultation, assert a claim of work product where no effort was made to provide some guidelines of protection. The availability of a deposition, or other discovery of consulting experts under Rule 26(b)(4)(B) F.R.C.P., supports the conclusion that counsel initially consulting with an expert should be aware of the potential for disclosure of work product material[2] and take reasonable steps to protect it. In this case, the deposition of DiFonzo was taken related to this motion and nothing has been brought to the court's attention showing any effort to advise DiFonzo of any restriction or claim of work product. At argument in this case, counsel for Amway provided no facts that would show reasonable efforts to protect any work product or mental impressions of counsel. One of the issues pertinent to a disqualification motion is whether it was reasonable for the first party, who retained the expert, to believe that a confidential relationship existed. *English Feedlot, supra*, at 1505; *Wang Laboratories, Inc. v. Toshiba Corp.*, 762 F.Supp. 1246, 1250 (E.D.Va.1991). To establish the reasonableness of such a belief counsel, for the initial consulting party, must be expected to protect the assumption of confidentiality. *Id.* This was apparently not done in this case. More than the bare assumption of confidentiality by consulting counsel must be shown.

■ It should be observed that the motion for disqualification of Procter & Gamble's counsel is not based on any prior representation or association of counsel with Amway, but only an undemonstrated contention that counsel might have received information from the consulting expert. Thus, the assumption of receipt of confidential information applicable to former representation cases, *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373 (10th Cir.1994), is not strictly applicable. There is no conflict of interest as such. There is no showing at this time that counsel for P & G has received any useful work product information. *Space Systems/Loral v. Martin Marietta Corp.*, 1995 WL 686369 (N.D.Cal.1995). Therefore, the *Cordy* case relied on by Amway is not persuasive for disqualification of P & G's counsel in this instance.

Amway has not shown that any confidential information was in fact communicated to P & G's counsel. There is no showing of any prejudice to Amway. In fact at argument, counsel for Amway was unable to show that any information DiFonzo may have received, is in anyway unknown to all parties involved. The subject material is apparently now a matter in the public domain. Amway has not shown any taint or harm to its position in this case or any prejudice to its litigation position. To accept Amway's position would require disqualification of counsel who consulted with an expert who had been previously consulted by opposing counsel. A more functional rule and particularized showing is required. Based on these realities, the record does not support anything other than a possible speculative impropriety. This is not sufficient for disqualification of counsel. *United States v. Ta, supra*. Without a showing of probability of prejudice, of litigation unfairness, or taint, disqualification of counsel based on counsel's consultation with DiFonzo, should be **Denied**. This is also supported, as to the scope of the claim in this

2. For the purpose of this ruling, the court has not been called on by the parties to consider whether Amway's counsel has a legitimate work product claim in the first instance. This is not a frivolous question.

instance, by Amway's failure to take reasonable steps to protect its work product claim. Therefore,

**IT IS HEREBY ORDERED** the motion of Amway Corporation, to disqualify counsel for Procter & Gamble for consulting with an expert with whom Amway had previously consulted, is **Denied**.